FRANK KOMSA, PLAINTIFF-APPELLEE, v. PUBLIC SERV-
ICE RAILWAY COMPANY, DEFENDANT-APPELLANT.

Argued October term, 1927—Decided February 8, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff-appellee, *Hart & Vanderwart.*

For the defendant-appellant, *Henry H. Fryling.*

PER CURIAM.

The case was tried before the District Court and a jury, and a verdict was rendered in favor of the plaintiff for the sum of $200.

The action was brought to recover damages to the plaintiff's automobile as the result of a collision between the automobile and one of the trolley cars of the defendant company

at Pleasant avenue and Oak avenue, in the borough of Maywood, Bergen county, on August 15th, 1926. The plaintiff was driving a covered Ford truck in an easterly direction on Pleasant avenue on the south roadway parallel with the trolley tracks which ran east and west alongside of Pleasant avenue on a private right of way. When the plaintiff reached Oak avenue he turned his automobile to the north to cross the trolley tracks, and in that act collided with the front right step of a trolley car which was proceeding in an easterly direction.

From that verdict the appeal is taken on the ground of the failure of the court to nonsuit and the failure of the court to direct a verdict in favor of the defendant at the close of the case.

The accident happened about eight-thirty o'clock in the evening, when the day was growing dusk. There was testimony that the car was going very fast and did not have a bright headlight on it, while the plaintiff's lights were lit The cars of both parties were, apparently, running parallel with each other for a block. The plaintiff says that when he turned north he stopped and looked both ways and saw people the second block away as though waiting for a car at Palmer avenue. He started across the track and was lifted in the air and upset while in the act of crossing. He did not see the trolley car until after his automobile had been struck, and he did not know that there was a trolley car anywhere in the neighborhood.

The witnesses for the plaintiff gave no testimony regarding the actual facts of the collision and the manner of its happening.

The operator of the trolley car stated that his car was moving at a moderate rate of speed, and when he reached Oak avenue the plaintiff's automobile struck the side of his car at the front right step. He did not see the automobile until it struck the side of his car. The accident happened at night, and the arc light and the headlight of his trolley car were lighted. He sounded his gong and blew his whistle when he was approaching Oak avenue.

A passenger upon the same car stated that it was moving at a moderate rate of speed and that the operator had given warning of the approach to Oak avenue by blowing his whistle.

It is apparent to us that, from the plaintiff's own testimony, he was negligent in his attempt to cross the track under the circumstances. If he had looked for an approaching trolley car he undoubtedly would have seen this car approaching, but he attempted to cross Oak avenue at the junction of Pleasant avenue apparently without any effort to observe the approach of a trolley car. If he had looked he could have seen it approaching, and he testifies that he did not see the trolley car until after the collision. A situation of that kind is inconsistent with due care upon his part or with proper observation resulting from due care. The inference is satisfactory to the court that the collision occurred because he did not make proper observation as to his immediate surroundings, and if he had made such observation the accident would have been obviated.

We, conclude, therefore, that the verdict of the jury is without any substantial weight of evidence to support it, but that, on the contrary, the verdict is against the entire weight of the evidence, and for that reason the judgment appealed from must be reversed.